RUFUS BROWDER v. MARY E. CLEMENS ET AL.

(Case No. 4947.)

1. COMMUNITY INTEREST — PRESUMPTION — JUDGMENT.— In a suit by the heirs, claiming, by right of inheritance from their deceased mother, land which had been acquired during the marriage of the father and mother, but which they claimed was purchased with the separate means of the mother, and which had been sold by the surviving father after the mother's death, under such circumstances that no title to even a community interest in the wife could pass by the father's deed, the testimony left it uncertain as to whether the property was separate or community property. *Held*, that a judgment in favor of those heirs of the mother not barred by limitation, for their interest in an undivided half of the property, would not be reversed. The fact that the plaintiffs claimed the entire tract was no reason for denying a judgment to such of them as appeared entitled, and who were not barred by limitation.

APPEAL from Wise.    Tried below before the Hon. C. C. Potter.

Trespass to try title by appellees, the heirs of Margaret Renner, to recover one hundred and sixty acres of land from Rufus Browder, who claimed through a deed from John Renner, the father of the plaintiffs, executed after the death of their mother, said Margaret Renner.

The defendant pleaded not guilty, limitation of five years under deeds duly registered, and possession in good faith with improvements. The court gave judgment for four of the heirs of Margaret Renner for an undivided one-fourth of the land, but found against the other plaintiffs, and adjudged the defendant to be a possessor in good faith, and valued the land at $200 and defendant's improvements at $200.

*Davis & Garrett*, for appellant, cited: Oliver *v.* Robertson, 41 Tex., 422; Willard *v.* Conduit, 10 Tex., 214, and Andrews *v.* Hoxie, 5 Tex., 172.

No briefs for appellee have reached the Reporter.

STAYTON, ASSOCIATE JUSTICE.— There is no doubt that the land was bought during the marriage of John and Margaret Renner, and that they possessed it at the time of her death. This being true, the law presumes that it was community property owned by them in equal right. R. S., 2853.

The land was sold by John Renner after the death of his wife, Margaret, and through his vendee the defendants hold by consecu-

tive deeds down to themselves. The children of Margaret Renner claim that the property was bought and paid for with money, the separate property of their mother, while the defendant claims that the land was paid for with money, the separate property of John Renner.

The evidence in this respect is conflicting, and evidently was deemed by the judge who tried the cause insufficient to prove the proposition contended for by either party, for he evidently found that the land was owned by John and Margaret Renner in community. Under the facts in evidence we cannot say that the finding was not correct.

From the nature of the proof offered in respect to the source from which the money came with which the land was paid for, it is evident that there must have been more satisfactory evidence upon that subject than was offered by either side. That which was offered was largely hearsay, and the court may well have deemed it insufficient on either side to overcome the legal presumption arising from the admitted facts.

Mrs. Renner left eight children; three of them were barred by limitation, and the defendant had the title of another, and the court adjudged one-fourth of the land to the other four plaintiffs.

The fact that the plaintiffs, in their petition, claimed the entire tract of land, was no reason for denying to such of the plaintiffs as showed themselves entitled to recover, a judgment for so much of the land as they showed themselves entitled to. R. S., 4807. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 16, 1884.]